UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) | Civil No. 11cv1361 JAH (NLS) |
|---|---|---|
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS [Doc. Nos. 4, 5]** |
| v. | ) ) ) | |
| SMARTWEAR TECHNOLOGIES, et. al., | ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is Plaintiff the People of the State of California's ("the People") motion to remand and motion for attorney fees and costs. Defendants Robert Reed and Lexit Technology filed oppositions. Plaintiffs filed a reply. After a thorough review of the parties' submissions and for the reasons set forth below this Court GRANTS Plaintiff's motion to remand and DENIES Plaintiff's motion for sanctions.

## BACKGROUND

Plaintiff originally filed this action in Superior Court of the State of California for the County of San Diego on September 9, 2008, and filed a First Amended Complaint in Superior Court on September 16, 2008, seeking relief for violations of the California Corporations Code. Smartwear Technologies, Norman Frank Reed, and Sean Borzage Boyd were named defendants and Global General Technologies, Inc. and Lexit Technology, Inc. were named as relief defendants. See Doc. No. 1. Defendant Lexit Technology removed the action to federal court on June 17, 2011. Trial began in Superior

Court on June 21, 2011, when the court received notice of the removal. <u>See</u> Doc. No. 4.

Plaintiff filed the pending motions on July 1, 2011. Defendant Robert Reed, appearing *in pro per*, filed an opposition to the motion to remand and filed a joinder to Defendant Lexit Technologies' opposition. Defendant Lexit Technologies filed an opposition to the motion to remand and a separate opposition to the motion for attorney fees and costs on July 28, 2011. Plaintiff filed a reply on August 12, 2011. The motion was set for hearing but was taken under submission without oral argument.

## LEGAL STANDARD

The federal court is one of limited jurisdiction. <u>See</u> <u>Gould v. Mutual Life Ins. Co. v. New York</u>, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. <u>See</u> <u>Steel Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 93-94 (1998). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can be removed if it could have originally been brought in federal court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. <u>See</u> <u>Mir v. Fosburg</u>, 646 F.2d 342, 345 (9th Cir. 1980). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988).

The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988). The Court determines its jurisdiction from the complaint as it existed at the time of removal, not as subsequently amended. <u>Libhart v. Santa Monica Dairy, Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979).

## DISCUSSION

Plaintiff argues Lexit Technologies cannot meet its burden to establish the existence of diversity jurisdiction and the notice of removal was procedurally defective. Plaintiff

maintains removal is improper and the matter should be remanded.

Plaintiff also seeks attorney fees and costs associated with bringing the motion to remand.

**I. Motion to Remand**

**A. Lack of Jurisdiction**

Plaintiff argues States are not citizens of any state for diversity purposes and Lexit fails to demonstrate the amount in controversy exceeds $75,000 to support jurisdiction.

Plaintiff argues the People of the State of California are not citizens of a state for diversity purposes. A state is not a "citizen" of a state for purposes of diversity jurisdiction. See Moor v. Alameda County, 411 U.S. 693 (1973). As such, an action in which a state is a party cannot proceed in federal court based upon diversity jurisdiction. To determine whether diversity jurisdiction exists, a court must examine the citizenship of the real party in interest and disregard nominal or formal parties. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). A state is a real party in interest when the "benefit enures to it alone." Missouri, Kansas and Texas Railway Co. v. Missouri Railroad and Warehouse Commissioners, 183 U.S. 53, 59 (1901). A state's "general governmental interest in the welfare of its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws" is insufficient. Missouri, Kansas, and Texas Railway Co., 183 U.S. at 60. The Court looks to the complaint as a whole in determining the real party in interest. See In re New York, 256 U.S. 490, 55 (1921).

Plaintiff maintains it brought the action through the California Corporations Commissioner pursuant to expressed statutory authority on behalf of the People for violations of the California Corporate Securities law. Plaintiff further maintains the People have a sovereign interest in the outcome of the lawsuit, namely to secure an honest marketplace free from fraudulent investment schemes, making the People the real party in interest.

Defendant Reed argues that a stipulation between the Corporations Commissioner and the Bankruptcy Trustee in the bankruptcy matter demonstrates the Commissioner is

the real party in interest. Defendant Reed further maintains Plaintiff "morphs" into what is "required by the demands of the moment and the specific benefit it seeks to gain." Opp. at 3. He argues Plaintiff, the Commissioner, is a citizen of California.

Relief Defendant Lexit argues the California Department of Corporations, not the state, is the real party in interest for purposes of diversity. Defendant argues the California Department of Corporations is a self-funding organization that operates entirely on fees and fines it collects through administrative functions and enforcement actions, and the department has no authority to contribute or take money from the state treasury. Defendant Lexit further argues the department has the power to sue and be sued and takes and maintains assets in its own name.

Under California law, the People of the State of California is the state. See Cal.Gov. Code § 100. The California Corporations Commissioner is authorized to bring an action under California's Corporate Securities law in the name of the People of the State of California "to enjoin the acts or practices or to enforce compliance" with the law. Cal.Corp.Code § 25530. Here, Plaintiff seeks injunctive relief, ancillary relief and civil penalties for violations of California Corporations Code section 25110, unqualified, nonexempt offer and sale of securities, and 25401, misrepresentations and omissions in the offer and sale of securities. Plaintiff also seeks restitution on behalf of each person "to have been subject to acts, practices, or transactions which constitute violations of the Corporate Securities law."

Plaintiff maintains the state's sovereign interest in the outcome of the case, namely, securing an honest marketplace free from fraudulent investments schemes makes it the real party in interest. Plaintiff further maintains the state's sovereign interest is not diminished by the amount of restitution it seeks on behalf of victims. This Court agrees.

The state clearly has an interest in securing an honest marketplace. The civil penalties it seeks are punitive and serve a public interest in preventing future fraudulent schemes which further demonstrates the state's substantial interest in the action. See People of California v. Universal Syndications, Inc., 2009 WL 1689651 (N.D.Cal.). The

claim for restitution on behalf of individuals is not fatal to Plaintiff's argument that the state is the real party in interest. Several district courts have determined the state is the real party in interest despite the prayer for damages on behalf of individuals and remanded the action upon finding the state "has a substantial stake in the outcome of the case." Illinois v. SDS West Corp., 640 F.Supp.2d 1047 (C.D.Ill. 2009) (citing Wisconsin v. Abbot Laboratories, 341 F.Supp.2d 1057 (W.D.Wis. 2004); see also Universal Syndications, Inc., 2009 WL 1689651; Arizona ex. rel. Horne v. Countrywide Fin. Corp., 2011 WL 995963 (D.Ariz.); Connecticut v. Moody's Corp., 2011 WL 63905 (D.Conn. 2011). The state is the real party in interest in the instant action. As such, there is no diversity to support jurisdiction and the action shall be remanded.

**B. Procedural Issues**

Because the Court finds the action shall be remanded for lack of jurisdiction, the court will not address the remaining bases for remand.

**II. Motion for Attorney Fees and Costs**

Plaintiff seeks attorneys fees and costs incurred as a result of the improper removal pursuant to section Title 28 of the United States Code section 1447(c). Courts may award attorney fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Whether to award fees is within a district court's sound discretion. Id. at 139.

The Court finds Defendant did not lack an objectively reasonable basis for seeking removal. Accordingly, Plaintiff's request for fees and costs is denied.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for remand is **GRANTED**. The action is **REMANDED** to state court for all further proceedings.

//
//
//

2. Plaintiff's request for attorneys fees and costs is **DENIED**.

DATED: January 24, 2012

_____
JOHN A. HOUSTON
United States District Judge